UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 24.7.203.5,<br><br>Defendant. | Civil No. 18-0773 (JRT/DTS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA** |

Adam P. Gislason, **Fox Rothschild LLP**, 222 South Ninth Street, Suite 2000, Minneapolis, MN 55402, for Plaintiff.

On April 30, 2018, Magistrate Judge David T. Schultz denied Plaintiff Strike 3 Holdings, LLC's ("Strike 3") Motion for Leave to Serve A Third-Party Subpoena. Strike 3 now appeals the Order. Strike 3 knows the Defendant only by an internet protocol ("IP") address, and seeks to discover Defendant's true name and address by serving a subpoena on Defendant's Internet Service Provider ("ISP"), Comcast Cable Communications, LLC ("Comcast"), prior to a Rule 26(f) conference. Because there is good cause to issue the subpoena, the Court will grant Strike 3's appeal and reverse the Magistrate Judge's Order. Given the sensitive nature of the allegations, the Court will also issue a protective order.

## BACKGROUND

Strike 3 is the owner of "award winning, critically acclaimed adult motion pictures," which it distributes through DVD sales and paid website subscriptions. (Compl. ¶¶ 2, 13,

1

Mar. 31, 2018, Docket No. 1.) Strike 3 alleges that Defendant infringed its copyrights by downloading and distributing thirty-one of Strike 3's movies using the BitTorrent protocol, a system designed to efficiently distribute large files over the internet. (*Id.* ¶¶ 4, 17-23.) Strike 3 hired a private investigator to investigate piracy of its videos through the BitTorrent system. (*Id.* ¶ 24.) The private investigator established a connection with Defendant's IP address through BitTorrent, and downloaded one or more of Strike 3's copyrighted films from Defendant. (*Id.* ¶¶ 24-25.) However, the investigator was only able to identify Defendant by an IP address. An IP address is merely a number assigned by Defendant's Internet Service Provider ("ISP"), Comcast; and only Comcast can match the IP address to Defendant's actual name and address. (*Id.* ¶ 12.)

Strike 3 seeks monetary and equitable relief for Defendant's alleged copyright infringement. Since Strike 3 can only identify Defendant by an IP address, however, Strike 3 has been unable to complete service of process. In its motion, Strike 3 seeks leave to subpoena Comcast to discover the name and address of the party to whom this IP address is registered. (Mot. for Leave to Serve a Third-Party Subpoena, April 19, 2018, Docket No. 5).

Magistrate Judge Schultz denied Strike 3's motion after identifying a conflict between the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, the Communications Act, 47 U.S.C. § 551, and Rule 45 of the Federal Rules of Civil Procedure. (Order, April 20, 2018, Docket No. 14.) The DMCA establishes a procedure enabling a copyright holder to obtain and serve subpoenas on ISPs to identify alleged copyright infringers and protects ISPs from liability for copyright infringement. *See In re*

*Charter Commc'ns, Inc.*, 393 F.3d 771, 775 (8th Cir. 2005).  Because Comcast, Defendant's ISP, is a cable operator, the Communications Act is also applicable. The Communications Act protects cable subscribers' privacy interests by prohibiting disclosure of personal information by cable operators.  47 U.S.C. § 551(c).  These statutes are somewhat in tension with Rule 45, under which Strike 3 seeks a subpoena requiring Comcast to disclose Defendant's name and address.  The Magistrate Judge weighed Strike 3's interest in its copyrights against Defendant's privacy interest, and in light of the tension between Rule 45, the DMCA, and the Communications Act, found that an *ex parte* Rule 45 subpoena would be inappropriate.[1]

## DISCUSSION

### I. STANDARD OF REVIEW

The standard of review on an objection to a magistrate judge's order depends on whether that order is dispositive.  The district court reviews a magistrate's dispositive decisions *de novo*, while it reviews non-dispositive rulings for clear error.  *See* Fed. R. Civ. P. 72.  In determining whether a ruling is dispositive, Rule 72 "permits the courts to reach commonsense decisions rather than becoming mired in a game of labels."  *E.E.O.C. v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 988 (D. Minn. 2010) (quoting Charles A.

---

[1] Judge Schultz's opinion aligns with some decisions in this District regarding similar claims and the same plaintiff, but conflicts with others.  *Compare Strike 3 Holdings LLC v. Doe*, No. 18-cv-768 (DSD/FLN), 2018 WL 1924455, at *3 (D. Minn. Apr. 24, 2018) (denying motion for leave to file third-party subpoena prior to Rule 26(f) conference) (Noel, Mag. J.), *with Strike 3 Holdings, LLC v. Doe*, No. 18-cv-777 (JRT/BRT), 2018 WL 2078707, at *1-3 (D. Minn. May 4, 2018) (finding good cause to allow early discovery) (Thorson, Mag. J.), *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-0771 (DWF/HB), 2018 WL 2278110, at *5 (D. Minn. May 18, 2018) (Bowbeer, Mag. J.) (same); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-779 (WMW/SER), slip op. at 8-10 (D. Minn. May 25, 2018) (Rau, Mag. J.) (same).

Wright et al., Federal Practice and Procedure: Civil 2d § 3068, at 338 (1997)). "Courts typically consider 'the impact on the merits of the case in deciding whether [the motion] should be characterized as dispositive.'" *Id.* (quoting Wright et al., *supra*, at 345). Here, the Court does not decide whether the Magistrate Judge's order was dispositive, because it would reach the same conclusion under either standard of review.

## II. CONFLICT BETWEEN THE DMCA, THE COMMUNICATIONS ACT, AND RULE 45

The Magistrate Judge found a conflict between the DMCA, the Communications Act, and Rule 45. Specifically, the Magistrate Judge found that because the information Strike 3 seeks in discovery is protected under the Communications Act, it would be improper to subpoena the information under Rule 45 or the DMCA. Because the DMCA establishes a process for copyright holders to obtain subpoenas without engaging in litigation, and the Communications Act provides for disclosure of ISP subscribers' protected information by court order, the Court finds no conflict between these statutes and a Rule 45 subpoena.

The DMCA establishes a process by which a copyright holder can request the clerk of a United States district court to issue a subpoena to an ISP[2] to identify an alleged copyright infringer. 17 U.S.C. § 512(h). In *In re Charter Communications, Inc.*, the Eighth

---

[2] The DMCA defines "service provider" as: "a provider of online services or network access, or the operator of facilities therefor, and includes" "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received." 17 U.S.C. § 512(k)(1).

Circuit held that § 512(h) does not authorize a subpoena when "[the ISP's] function was limited to acting as a conduit for the allegedly copyright protected material." 393 F.3d 771, 777 (8th Cir. 2005). But that holding, and indeed the DMCA, are not applicable here. Strike 3 did not request a subpoena from the clerk of court pursuant to § 512(h). Rather, Strike 3 has filed a lawsuit and seeks the John Doe defendant's identity through a Rule 45 subpoena—a process explicitly endorsed, albeit in dicta, by the Eighth Circuit. *See id.* at 775 n.3 ("[O]rganizations such as [plaintiff] can also employ alternative avenues to seek this information, such as 'John Doe' lawsuits. In such lawsuits . . . organizations such as [plaintiff] can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant.").

The Court also finds instructive the Eighth Circuit's opinion in *Killer Joe Nevada, LLC v. Does 1-20*, 807 F.3d 908 (8th Cir. 2015). There, as here, a copyright holder sued John Doe defendants who allegedly downloaded copyrighted material through BitTorrent and who were identified only by an IP address. *Id.* at 910-11. The district court permitted the copyright holder to serve a subpoena on the ISP to discover the ISP subscriber's identity. *Id.* Once the plaintiff learned the defendant's identity, the defendant denied having downloaded any copyrighted material, and the plaintiff moved to voluntarily dismiss its suit. *Id.* at 911. The question before the Eighth Circuit was whether the trial court had abused its discretion in denying the defendant an award of attorney fees. The court found the copyright holder's actions were reasonable and noted, "a plaintiff such as Killer Joe Nevada may properly sue 'John Doe' to ascertain the ISP subscriber." *Id.* at 912 (citing *In re Charter Commc'ns*, 393 F.3d at 774, 775 n.3) (emphasis omitted).

5

The privacy protections of the Communications Act also do not foreclose a Rule 45 subpoena. Under the Communications Act, a cable operator (here, Comcast) "shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned." 47 U.S.C. § 551(c)(1). The Magistrate Judge held that the privacy protections afforded by the Communications Act directly conflicted with Strike 3's Rule 45 subpoena request. However, the Communications Act expressly allows disclosure through a court-ordered subpoena: "A cable operator may disclose such information if the disclosure" is "made pursuant to a court order authorizing such disclosure," provided "the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

The Court therefore finds that neither the DMCA nor the Communications Act forecloses the pre-discovery third-party subpoena Strike 3 requests. The question thus becomes whether a subpoena is appropriate.

## III. GOOD CAUSE FOR A PRE-DISCOVERY RULE 45 SUBPOENA

Although the Eighth Circuit has not itself articulated a standard governing whether early discovery is appropriate, "District Courts within the circuit generally utilize a 'good cause' standard." *ALARIS Grp., Inc. v. Disability Mgmt. Network, Ltd.*, No. 12-cv-446 (RHK/LIB), 2012 WL 13029504, at *2 (D. Minn. May 30, 2012) (collecting cases). In another case in this District involving Strike 3, Judge Frank considered the following five factors in deciding whether to permit early discovery to establish an alleged copyright infringer's identity:

(1) the concreteness of the plaintiff's showing of a prima facie claim of

actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Strike 3 Holdings, LLC v. John Doe*, No. 18-cv-774 (DWF/DTS), 2018 WL 4210202 (D. Minn. Sept. 4, 2018) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

The Court finds Judge Frank's opinion persuasive. Because that opinion concerned substantially the same facts, and correctly applied the *Arista Records* factors, the Court adopts its analysis:

> First, Plaintiff has stated an actionable claim for copyright infringement. Second, Plaintiff's discovery request is specific because it seeks only Defendant's name and address. Third, there are no alternative ways to obtain the information. The Court acknowledges that Comcast is a mere conduit of data between two internet users, and, as such, the DMCA does not authorize a subpoena to identify the alleged infringer. However, the DMCA does not *prohibit* the issuance of a subpoena, and Rule 45 remains an avenue for such discovery. *See Strike 3 Holdings, L.L.C.*, 2018 WL 2078707, at *2; *Strike 3 Holdings, LLC*, 2018 WL 2278119, at *4. And . . . Rule 26(d)(1) permits the Court to authorize early discovery provided good cause is shown. Fourth, without the information on Defendant's identity, the case cannot proceed. Fifth, the Court concludes that Defendant's expectation of privacy is outweighed by Plaintiff's right to use the judicial process to pursue its copyright claims.

*Strike 3 Holdings, LLC, v. Doe*, 2018 WL 4210202, at *2 (footnotes omitted).

While the Court will grant Strike 3's motion, it is mindful of Defendant's privacy interests. The allegations in this case are of a sensitive nature, and it is possible the ISP subscriber is not the individual who distributed Strike 3's copyrighted material. It is also plausible that the subscriber would, at least, know who had access to his or her IP address.

7

Without this information, Strike 3 cannot hope to identify the Defendant, and cannot vindicate its copyrights.

Because the ISP subscriber may not be the individual who infringed Strike 3's copyrights, and given the sensitive nature of the allegations, the Court will issue a protective order, described below, establishing limits and procedural safeguards governing Strike 3's subpoena.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal [Docket No. 15] of Magistrate Judge David T. Schultz's April 30, 2018 Order [Docket No. 14] is **GRANTED**.

2. Magistrate Judge David T. Schultz's April 30, 2018 Order [Docket No. 14] is **VACATED**.

3. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena [Docket No. 5] is **GRANTED** as follows:

   a. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Defendant's ISP, Comcast Cable Communications, LLC, seeking the name and address of the subscriber assigned to the IP address identified in the Complaint for the time periods of the alleged infringing activity outlined in Docket No. 1-1, Exhibit A to Plaintiff's Complaint.

   b. The subpoena must provide a minimum of sixty (60) days' notice before any production and shall be limited to one category of documents identifying

the particular subscriber identified in the Complaint. The requested information shall be limited to the name and address of the subscriber during the time period of the alleged infringing activity referenced in the Complaint. Comcast may seek a protective order if it determines there is a legitimate basis for doing so.

    c.    Comcast shall have fourteen (14) calendar days after service of the subpoena to notify the subscriber that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall then have forty-five (45) calendar days from the date of the notice to seek a protective order or file any other responsive pleading.

    d.    Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Comcast. Comcast, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order. No other discovery is authorized at this time.

    e.    Plaintiff must not publicly disclose the information until Defendant has the opportunity to file a motion with the Court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the Court. If Defendant fails to file a motion for leave to proceed anonymously within forty-five (45) calendar days after his or her information is disclosed to Plaintiff's counsel, this limited protective order will expire. If Defendant includes identifying information in his or her request to proceed anonymously, the Court finds good cause to order the papers temporarily filed under seal until the Court has the opportunity to rule on the request and to consider whether such materials should remain under seal.

f. On or before April 1, 2019, Plaintiff shall file a Status Report with the Court briefly outlining the progress of the discovery authorized by this Order. The Status Report must not include any identifying information.

DATED: January 2, 2019                       _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                                United States District Judge